IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William O. Dickerson,<br><br>Petitioner,<br><br>v.<br><br>Joel Anderson,[1] *Interim Director, South Carolina Department of Corrections*, and Lydell Chestnut, *Deputy Warden of Broad River Correctional Secure Facility*,<br><br>Respondents. | C/A No. 9:22-cv-108-SAL<br><br>**ORDER** |

This court previously granted summary judgment to Respondents in this habeas corpus action. *See* ECF No. 112. This matter is before the court on Dickerson's motion to reconsider, which Respondents oppose. [ECF Nos. 116, 119.] For the reasons below, the court denies Dickerson's motion.

**STANDARD OF REVIEW**

Motions to reconsider are governed by Rule 59(e) of the Federal Rules of Civil Procedure. The Fourth Circuit Court of Appeals interprets Rule 59(e) to allow the court to alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions

[1] Joel Anderson was appointed to replace Bryan Stirling, the former Director of the South Carolina Department of Corrections, in April 2025. The Clerk of Court is directed to terminate Director Stirling as a Respondent and add Interim Director Anderson as a Respondent. "A prisoner's custodian is the proper respondent in a habeas corpus action." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); *see also* Rules Governing Section 2254 Cases 2(a).

may not be used, however, to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." *Pacific Ins.*, 148 F.3d at 403. Relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Id.* (internal marks omitted). "Mere disagreement does not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

## DISCUSSION

As detailed in the court's prior order, Dickerson was convicted in state court of murder, kidnapping, and criminal sexual conduct and received a death sentence for murder and thirty-year sentences for his other convictions. He challenged his convictions and sentence through direct appeal and post-conviction relief ("PCR") proceedings but was unsuccessful. He then filed a petition for habeas relief under 28 U.S.C. § 2254, raising twelve grounds. This court denied relief and declined to issue a certificate of appealability. *See* ECF No. 112.

Dickerson now asks this court to reconsider portions of its order or, alternatively, to grant him a certificate of appealability on certain claims.

### I. Ground I – Freestanding *Batson* Claim

Dickerson challenged the court's denial of Ground I, alleging that his rights were violated when the state exercised peremptory strikes against black jurors. The PCR court ruled this claim procedurally barred but addressed the merits nonetheless. *See* ECF No. 112 at 14–15. Consistent with Fourth Circuit guidance in *Stanko v. Stirling*, 109 F.4th 681, 686 n.1 (4th Cir. 2024), this court prudently reviewed the merits as well. Dickerson argues reconsideration is warranted

because the court did not properly apply de novo review to his freestanding *Batson* claim. [ECF No. 116 at 1–4.]

Generally, claims found procedurally barred by state courts are not reviewable in federal habeas proceedings. Claims adjudicated on the merits by the state courts are preserved but reviewed under the deferential standard of 28 U.S.C. § 2254(d), which precludes relief unless the state court's decision was contrary to, or an unreasonable application of, federal law or based on an unreasonable determination of facts. And de novo review is limited to circumstances where the state court fails to review a claim that was properly presented or its decision is unreasonable. *See Panetti v. Quarterman*, 551 U.S. 930, 953 (2007) ("When a state court's adjudication of a claim is dependent on an antecedent unreasonable application of federal law, the requirement set forth in § 2254(d)(1) is satisfied. A federal court must then resolve the claim without the deference [the Antiterrorism and Effective Death Penalty Act] otherwise requires."); *Plymail v. Mirandy,* 8 F.4th 308, 316 (4th Cir. 2021) ("Federal courts 'bypass § 2254(d)'s limitations on relief when a state court has refused to adjudicate a procedurally proper claim on the merits.'" (quoting *Valentino v. Clarke*, 972 F.3d 560, 576 (4th Cir. 2020))).

Dickerson argues this court did not appreciate that his freestanding *Batson*[2] claim is cognizable in habeas, nor did it account for the reasons he is entitled to de novo review. *See* ECF No. 116 at 1–2. Not so. This court did not question the cognizability of a freestanding *Batson* claim in federal habeas, but properly distinguished between cognizability and procedural default. Because the PCR court both found the claim procedurally barred and addressed the merits without any unreasonable factual findings or unreasonable applications of federal law, de novo review was

[2] *Batson v. Kentucky*, 476 U.S. 79 (1986).

not triggered. The court finds no clear error or manifest injustice warranting reconsideration of Ground I.

Dickerson's alternative request for a certificate of appealability on this claim is also denied.

## II. Ground IV – Ineffective Assistance as to Lead Exposure Mitigation Evidence

Dickerson alleges trial counsel were ineffective for failing to adequately investigate and present evidence of childhood lead exposure. He argues this court overlooked a "key fact" about counsel's failure to consult an expert and that the PCR court applied an incorrect standard in its prejudice analysis. [ECF No. 116 at 4–6.] The "key fact" was fully considered in the court's prior order *See* ECF No. 112 at 31. Moreover, the PCR court's conclusion that trial counsel were not deficient remains supported. *See id.* at 33–36. The court also considered and rejected Dickerson's arguments regarding the prejudice standard. *Id.* at 36–38. There is no basis to alter the judgment or issue a certificate of appealability on this claim. *See Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) ("Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.").

## III. Ground VI – *Brady*, *Giglio*, *Napue* Claim

Ground VI, alleging violations of *Brady*,[3] *Giglio*,[4] and *Napue*,[5] was not raised in state court and is therefore procedurally barred. *See* ECF No. 112 at 12–14. The court's order also explains the denial of related discovery motions. *See id.*; *see also* ECF No. 102. Finding no clear error of law or manifest injustice, the court denies reconsideration and reaffirms the denial of a certificate of appealability.

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).
[4] *Giglio v. United States*, 405 U.S. 150 (1972).
[5] *Napue v. Illinois*, 360 U.S. 264 (1959).

## IV. Grounds XI and XII – Comparative Proportionality Review

Finally, Dickerson seeks reconsideration of the denial of Grounds XI and XII, which challenge South Carolina's proportionality review process. He relies on *Moore v. Stirling*, 871 S.E.2d 423 (S.C. 2022), arguing it raises a debatable constitutional question. [ECF No. 116 at 8–10.] But Dickerson also acknowledges that the South Carolina Supreme Court has since clarified, in an unpublished order, that *Moore* does not announce a federal constitutional rule. *See id.* at n.2. The court finds no reason to alter its earlier ruling that these grounds are not cognizable in federal habeas and denies a certificate of appealability. *See* ECF No. 112 at 50–54.

## CONCLUSION

Dickerson fails to demonstrate that the judgment should be altered or set aside in this matter under Fed. R. Civ. P. 59(e). Accordingly, the court **DENIES** his motion for reconsideration, ECF No. 116.

**IT IS SO ORDERED.**

July 14, 2025
Columbia, South Carolina

Sherri A. Lydon
Sherri A. Lydon
United States District Judge